UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ANDREW ELLIS, HARRIET ELLIS, and MICHAEL W. BLODGETT,<br><br>Plaintiff-Relators,<br><br>v.<br><br>CITY OF MINNEAPOLIS, a municipal corporation; CITY OF ST. PAUL, a municipal corporation; METROPOLITAN COUNCIL, as an entity requesting and receiving HUD, CDBG, HOME and other federal funds; and JOHN AND JANE DOES, individually, jointly, and severally,<br><br>Defendants. | Case No. 11-CV-0416 (PJS/TNL)<br><br>ORDER |

Relators Andrew Ellis, Harriet Ellis, and Michael W. Blodgett bring this qui tam action against the City of Minneapolis, the City of St. Paul, and the Metropolitan Council pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733.  The gist of relators' complaint is that, although defendants have certified to the United States Department of Housing and Urban Development that they are acting to further fair housing, defendants have in fact taken actions that have reduced the availability of low-income housing in Minneapolis and St. Paul.  *See* Compl. ¶ 2 [ECF No. 1].  This matter is before the Court on defendants' motions to dismiss relators' complaint.  ECF Nos. 39, 41, 47.

"[A] complaint must include 'a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'  The words 'short and plain' are themselves short and plain, and they mean what they say:  A complaint must be concise, and it must be clear."  *Gurman v. Metro*

*Hous. and Redev. Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011) (quoting Fed. R. Civ. P. 8(a)(2)).  The complaint filed by relators is certainly not short; it sprawls across 64 pages and 187 paragraphs,[1] and it incorporates an additional 208 pages of exhibits.  By way of comparison, the amended complaint filed in another recent qui tam action in this District against the City of St. Paul — for what appears to be similar alleged misconduct — spans only 13 pages (including a signature page) and 51 paragraphs.  *See United States ex rel. Newell v. City of St. Paul*, Case No. 09-CV-1177 (case filed May 19, 2009; amended complaint filed Mar. 12, 2012 [ECF No. 38]).  Although it is possible that the claims made in this case are more complicated than the claims made in *Newell*, it is highly doubtful that the relators in this case need almost five times as many pages as the relator in *Newell* to plead their case.

Nor is the complaint "plain."  To the contrary, the complaint is largely incomprehensible.  Take, for example, paragraph 51, which is representative of the complaint as a whole:

> Relators have documented multiple and ongoing violations of the subject matter preemption by multiple Defendants in the enactment and/or enforcement of heightened code standards, to current codes when such codes and/or enforcements could only be to 'as and when built' under the subject matters of repair or rehabilitation as preempted by the State Building Code.

This paragraph illustrates just some of the problems with the complaint.  First, the complaint often fails to distinguish among defendants, leaving both the parties and the Court guessing as to which allegations apply to which defendants.  Second, despite the prolixity of the complaint, relators often make broad, imprecise claims — e.g., "Relators have documented multiple and ongoing violations" — without providing specific examples.  Relators do so even

---

[1] Paragraphs 1-93 of the complaint are numbered consecutively.  Those paragraphs are then followed by a list of 44 exhibits and an additional 94 paragraphs numbered 45-138.

though, because FCA claims are "[g]rounded in fraud," *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009), "[a] complaint alleging violations of the False Claims Act must be pled with particularity pursuant to Rule 9(b)," *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003).  Third, many of the allegations in the complaint appear to have little to do with relators' FCA claim.  For example, nowhere in the complaint do relators explain why defendants' alleged violation of the state building code (the apparent allegation in paragraph 51) also constitutes a violation of the FCA.  Finally, like paragraph 51, much of the complaint is written so poorly that it is very difficult to know what relators are trying to say.

The Federal Rules of Civil Procedure apply to pro se litigants, and Blodgett should be very familiar with those rules.  Blodgett has been reprimanded in the past by this Court for his "extensive history of baseless, vexatious, harassing, and repetitive litigation . . . ." *Blodgett v. Franco*, Case No. 98-CV-0049 (D. Minn. June 30, 1999) [ECF No. 160 at 1].  Moreover, Blodgett has previously been enjoined from filing suits in this District against the United States of America, the Federal Trade Commission, and several other defendants, absent consent of the Court or the prior signature of an attorney admitted to practice before this Court.  *Id*. at 1-2.  Recently, Magistrate Judge Jeanne J. Graham has recommended that Blodgett be sanctioned for acting in bad faith in a lawsuit unrelated to this matter.  *See Blodgett v. Hanson*, Case No. 12-CV-0301 (D. Minn. Oct. 30, 2012) [ECF No. 48].

Despite his familiarity with the federal rules, Blodgett (acting separately from the Ellises[2]) brought a pro se motion to replace the 64-page, 187-paragraph original complaint with a 160-page, 354-paragraph amended complaint. ECF No. 14. Magistrate Judge Tony N. Leung denied Blodgett's motion [ECF No. 25], noting that his proposed amended complaint did not comply with Fed. R. Civ. P. 8(d), which requires that allegations made in a pleading "be simple, concise, and direct."

Blodgett then retained counsel — and, since retaining counsel, Blodgett has filed three more motions to amend the complaint. Unfortunately, Blodgett's attorney seems no more conversant with the governing procedural rules than Blodgett. The first two motions to amend [ECF Nos. 34 and 53] were not accompanied by a copy of the proposed amended pleading (in violation of Local Rule 15.1) or by a memorandum of law in support of the motion (in violation of Local Rule 7.1). "A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules." *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009). Accordingly, the Court denies those motions.

The third motion to amend filed by Blodgett's attorney was accompanied by a copy of the proposed amended complaint. But that supposedly "streamline[d]" amended complaint [ECF No. 67 at 2] weighed in at a remarkable 182 pages and 351 paragraphs — well over 100 pages longer than the original complaint, and over 20 pages longer than the pro se amended complaint that Judge Leung *rejected* as failing to comply with Rule 8. ECF No. 68. Needless to say, the

---

[2]It appears that, after jointly filing the complaint in this matter, the Ellises and Blodgett had a falling out. The Ellises and Blodgett have hired separate counsel, and Blodgett's motions to amend the complaint have included requests that the Ellises be dismissed from the case. *See* ECF No. 57.

proposed amended complaint does not come close to complying with Rule 8, and thus Blodgett's motion to amend [ECF No. 57] is denied.

If Blodgett were the only relator in this case, the Court would dismiss the complaint with prejudice for Blodgett's repeated failures to comply with the governing procedural rules. But the Ellises are also relators, and the Ellises have only recently retained counsel. Because the Ellises' new attorney has not had an opportunity to cure the defects in the original complaint, the Court will stay dismissal of that complaint until January 31, 2013. If relators wish to pursue their lawsuit, they must file an amended complaint that complies with Rule 8, Rule 11, and all other procedural rules no later than January 31, 2013. The amended complaint must not exceed 10,000 words. If they wish, defendants may then move to dismiss the amended complaint.

All relators are now represented by counsel, and it is counsel's job to clearly and concisely plead relators' claims, so that this Court and defendants can easily ascertain the nature of those claims and whether those claims are viable. Relators are on notice: They will not be given another chance to amend their complaint. If relators' claims are not pleaded in a manner that is "short and plain" (Rule 8(a)), if their allegations are not "simple, concise, and direct" (Rule 8(d)), or if their amended complaint fails to meet any other requirement of the federal or local rules, that amended complaint will be dismissed with prejudice.[3]

---

[3]The Court also denies without prejudice the Ellises' motion for a hearing regarding potential discovery issues in this case. ECF No. 73. Relators may renew this motion after filing their amended complaint.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of defendant City of St. Paul to dismiss the complaint [ECF No. 39] is DENIED WITHOUT PREJUDICE.

2. The motion of defendant City of Minneapolis to dismiss the complaint [ECF No. 41] is DENIED WITHOUT PREJUDICE.

3. The motion of defendant Metropolitan Council to dismiss the complaint [ECF No. 47] is DENIED WITHOUT PREJUDICE.

4. The motions of relator Michael W. Blodgett to amend the complaint [ECF Nos. 34, 53, and 57] are DENIED.

5. The motion of relator Michael W. Blodgett for a continuance [ECF No. 55] is DENIED AS MOOT.

6. The motion of relators Andrew and Harriet Ellis for a hearing regarding discovery issues [ECF No. 73] is DENIED WITHOUT PREJUDICE.

7. This action will be dismissed with prejudice on account of relators' failure to comply with Fed. R. Civ. P. 8 unless relators file an amended complaint that complies with the Federal Rules of Civil Procedure, the Local Rules of the District of Minnesota, and this order no later than January 31, 2013.

Dated: December 21, 2012         s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge