UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ANDREW ELLIS, HARRIET ELLIS, and MICHAEL W. BLODGETT,<br><br>            Plaintiff-Relators,<br><br>v.<br><br>CITY OF MINNEAPOLIS, a municipal corporation; CITY OF ST. PAUL, a municipal corporation; METROPOLITAN COUNCIL, as an entity requesting and receiving HUD, CDBG, HOME and other federal funds; and JOHN AND JANE DOES, individually, jointly, and severally,<br><br>            Defendants. | Case No. 11-CV-0416 (PJS/TNL)<br><br><br><br>ORDER |

   Paul F. Shoemaker and John R. Shoemaker, SHOEMAKER & SHOEMAKER PLLC, for relators Andrew Ellis and Harriet Ellis.

   May C. Yang, LAW OFFICE OF MAY C. YANG, for relator Michael W. Blodgett.

   Sara J. Lathrop and Tracey N. Fussy, MINNEAPOLIS CITY ATTORNEY'S OFFICE, for defendant City of Minneapolis.

   Judith A. Hanson and Portia M. Hampton-Flowers, ST. PAUL CITY ATTORNEY, for defendant City of St. Paul.

   Mary G. Dobbins, LANDRUM DOBBINS LLC, for defendant Metropolitan Council.

   In February 2011, relators Andrew Ellis, Harriet Ellis, and Michael W. Blodgett jointly filed this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, against defendants City of Minneapolis, City of St. Paul, and the Metropolitan Council. In their original complaint, relators alleged (among many other things) that, although defendants have certified to the United States Department of Housing and Urban Development that they are acting to further

fair housing, defendants have in fact taken actions that have reduced the availability of low-income housing in Minneapolis and St. Paul. *See* Compl. ¶ 2 [ECF No. 1]. Relators also pleaded that the three of them were "original sources" of this information. *Id.* The Court later found that the relators' complaint was "interminably long and largely incomprehensible" [ECF No. 136 at 1], and the Court held that, "unless relators file an amended complaint that complies with the Federal Rules of Civil Procedure, the Local Rules of the District of Minnesota, and this order no later than January 31, 2013," this action would be "dismissed with prejudice on account of relators' failure to comply with Fed. R. Civ. P. 8." [ECF No. 125 at 6].

After the Court entered its order, the Ellises and Blodgett apparently had a falling out. Thus, instead of filing one amended complaint in compliance with the Court's order, the Ellises and Blodgett retained separate counsel and filed dueling amended complaints. *See* ECF Nos. 127 and 129. The Ellises' amended complaint (purportedly brought on behalf of the Ellises and Blodgett) continued to allege — consistent with the original complaint — that the Ellises and Blodgett were each an "original source" of the information underlying this action. ECF No. 127 ¶¶ 7, 9, 11. But Blodgett's amended complaint (purportedly brought on behalf of only Blodgett) alleged that only Blodgett — and not the Ellises — was the "original source" of that information. ECF No. 129 ¶ 4. Blodgett made this allegation despite the fact that, in the original verified complaint, he swore under penalty of perjury that the Ellises *were* "original sources" of the information. Compl. ¶ 2; *see also id*. at 39.

Because the parties did not have the permission of the Court to split this one action into two separate actions, the Court struck the amended complaints. ECF No. 136. The Court also gave relators another opportunity to file either a single amended complaint or a motion to sever.

*Id.* Relators were warned, however, that the Court was "highly unlikely to permit them to pursue two separate lawsuits, particularly in light of the fact that the FCA authorizes only *one* lawsuit to be brought 'based on the facts underlying the pending action.'" *Id.* at 2 (quoting 31 U.S.C. § 3730(b)(5)).

Despite that warning, Blodgett nevertheless elected to file a motion to sever. ECF No. 137. In an order dated July 12, 2013, Magistrate Judge Tony N. Leung denied Blodgett's motion to sever on two grounds. First, Judge Leung noted that Blodgett had once again failed to comply with the local rules — this time, Local Rule 7.1(a), which requires the contemporaneous filing of a meet-and-confer statement. *See* ECF No. 157 at 6-7. Second, Judge Leung noted (as the Court had previously warned) that the FCA permits only one suit based on the facts underlying the pending action, and that granting Blodgett's motion would create an impermissible second lawsuit. *Id.* at 7-8.

This matter is now before the Court on Blodgett's objection to Judge Leung's order. A magistrate judge's ruling on nondispositive pretrial matters may be reversed only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Having reviewed Judge Leung's order and the parties' submissions, the Court finds that the order is neither clearly erroneous nor contrary to law. Judge Leung's order is therefore affirmed. That being said, although the Court affirms Judge Leung's order denying Blodgett's motion to sever — that is, denying Blodgett's motion to split this one lawsuit into two — the Court will nevertheless "sever" Blodgett from this case by dismissing him without prejudice. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

The FCA bars "related action[s] based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). Mindful of this, the Court has repeatedly attempted to get relators to reconcile their differences and file a joint amended complaint. *See* ECF Nos. 125, 136, 157. Blodgett, however, insists that he cannot continue litigating this lawsuit alongside the Ellises without running afoul of his obligation under Rule 11(b) to plead only allegations that he believes have an evidentiary basis. *See* Obj. at 14 [ECF No. 163]. As noted, Blodgett insists that he cannot now allege that the Ellises are also "original sources" of the relevant information, even though that is precisely what he alleged in the original complaint.

Blodgett has put this Court in an impossible position. On the one hand, the FCA clearly bars Blodgett and the Ellises from pursuing two actions simultaneously. On the other hand, the Court cannot force Blodgett to make allegations that he now insists are untrue. It thus appears that this case cannot proceed with both Blodgett and the Ellises as relators.

The Court will therefore dismiss Blodgett as a party. Under the FCA, only one lawsuit may proceed, and the first-filed lawsuit has precedence over any subsequently filed lawsuits. *This* is the first-filed action, and the Ellises are willing to continue to pursue *this* action — that is, an action alleging that the Ellises and Blodgett were all "original sources" of the information. Blodgett is not willing to pursue this action, despite the fact that he brought it. Instead, Blodgett now wants to bring a *different* action — an action alleging that only Blodgett, and not the Ellises, was an "original source" of the information. It is clear that, under the FCA, Blodgett cannot bring a new lawsuit while this action is pending.

Blodgett argues that the Court should adjudicate the question of who is the "original source" of the information and then dismiss the "loser" from this action. In other words,

Blodgett wants this Court to decide whether he was lying when he swore in his original complaint that the Ellises were "original sources" or whether he was instead lying when he alleged in his amended complaint that the Ellises were not "original sources" — and, Blodgett says, if the Court finds that he was lying when he swore that the Ellises were "original sources," the Court should kick the Ellises out of the case and let Blodgett continue to prosecute it. But the Court cannot decide which (if any) of the three relators is an "original source" of the information underlying this case until the relators first file a complaint that complies with the rules and that intelligibly describes what the relevant information *is*. The Court has struggled for the better part of a year to get the relators to file a complaint that complies with the rules and that can be comprehended, but the Court's efforts have failed, mostly because Blodgett and his attorney have been singularly unwilling to comply with the rules,[1] and because Blodgett has decided to change his story as to the identity of the "original source" of the information underlying this lawsuit. This is of a piece for Blodgett, who is one of the most contumacious and abusive litigants in the District of Minnesota. As the Court noted in a prior order in this case:

---

[1] Blodgett's violation of Local Rule 7.1 in connection with his motion to sever — which he dismisses as "minor" and "inconsequential," Obj. at 10 — is merely the latest in a long series of violations of the local rules, the Federal Rules of Civil Procedure, and the Court's orders. Blodgett twice has failed to accompany a motion to amend the complaint with a copy of his proposed amended complaint, in violation of Local Rule 15.1. *See* ECF Nos. 34 and 53. After his first proposed amended complaint [ECF No. 14-2] was rejected for prolixity under Fed. R. Civ. P. 8(d)(1) [*see* ECF No. 25], Blodgett filed a second proposed amended complaint [ECF No. 68] that was *20 pages longer* than the rejected amended complaint. Blodgett's motion to disqualify the Ellises' counsel [ECF No. 80] was not accompanied by all of the materials required by Local Rule 7.1(b)(1) and was stricken on that basis [ECF No. 82]. Finally, undeterred by Judge Leung's denial of his motion to sever (which was based in part on Blodgett's failure to comply with the local rules), Blodgett submitted two affidavits [ECF Nos. 165 and 166] in support of his objection over a week after the deadline under the local rules for objecting had passed. *See* D. Minn. L.R. 72.2(a)(1).

> Blodgett has been reprimanded in the past by this Court for his "extensive history of baseless, vexatious, harassing, and repetitive litigation . . . ." *Blodgett v. Franco*, Case No. 98-CV-0049 (D. Minn. June 30, 1999) [ECF No. 160 at 1]. Moreover, Blodgett has previously been enjoined from filing suits in this District against the United States of America, the Federal Trade Commission, and several other defendants, absent consent of the Court or the prior signature of an attorney admitted to practice before this Court. *Id.* at 1-2. Recently, Magistrate Judge Jeanne J. Graham has recommended that Blodgett be sanctioned for acting in bad faith in a lawsuit unrelated to this matter. *See Blodgett v. Hanson*, Case No. 12-CV-0301 (D. Minn. Oct. 30, 2012) [ECF No. 48].

ECF No. 125 at 3.[2]

The bottom line is that the FCA allows only this lawsuit to proceed on the basis of the facts underlying this action, the Ellises are willing to proceed with this lawsuit, and Blodgett is not. Accordingly, the Court will dismiss Blodgett from this action.[3] If, as Blodgett (now) insists, the Ellises are not "original sources" of the information underlying this lawsuit, then this lawsuit will be dismissed, and at that point Blodgett may (or may not) be able to bring his own

---

[2]Judge Graham's recommendation was accepted by Judge John R. Tunheim, and Blodgett was sanctioned by being enjoined from filing further actions against the defendants in that case and by being ordered to pay a portion of the defendants' attorney's fees. *See Blodgett v. Hanson*, Case No. 12-CV-0301 (D. Minn. Mar. 26, 2013) [ECF No. 50].

[3]The Court is mindful that "although a district court has discretion to choose either severance or dismissal in remedying misjoinder, it is permitted under Rule 21 to opt for the latter only if just — that is, if doing so will not prejudice any substantial right." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quotations and emphasis omitted). But severance and dismissal are distinctions without a difference under the unusual circumstances of this case, as any severed claims litigated by Blodgett while this case is pending would promptly be dismissed pursuant to the FCA's first-filed rule.

FCA action.[4]  For now, though, only this lawsuit will proceed, and only the Ellises will be allowed to participate as relators.

Finally, the Court notes that this case remains without a viable complaint.  If the Ellises wish to proceed with this lawsuit, they must file an amended complaint by October 2, 2013.  The amended complaint must not exceed 10,000 words and must comply with Rule 8, Rule 11, and all other procedural rules.  Failure to comply with this order will result in dismissal of this case.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Relator Michael W. Blodgett's objection [ECF No. 163] is OVERRULED.

2. The July 12, 2013 order [ECF No. 157] is AFFIRMED.

3. Blodgett is DISMISSED WITHOUT PREJUDICE from this case.

4. This action will be dismissed unless relators Andrew and Harriet Ellis file an amended complaint no later than October 2, 2013.

Dated:  September 25, 2013              s/Patrick J. Schiltz
                                        Patrick J. Schiltz
                                        United States District Judge

---

[4]The Court leaves for another day the question of whether Blodgett may pursue his claims should this case be dismissed.  *See United States ex rel. Chovanec v. Apria Healthcare Grp. Inc.*, 606 F.3d 361, 362-63 (7th Cir. 2010); *Campbell v. Redding Med. Ctr.*, 421 F.3d 817, 823-25 (9th Cir. 2005).