UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ANDREW ELLIS and HARRIET ELLIS, | Case No. 11-CV-0416 (PJS/TNL) |
| Relators, | |
| v. | ORDER |
| CITY OF MINNEAPOLIS, a municipal corporation; and CITY OF ST. PAUL, a municipal corporation, | |
| Defendants. | |

---

Paul F. Shoemaker and John R. Shoemaker, SHOEMAKER & SHOEMAKER, PLLC, for relators.

Sara J. Lathrop and Tracey N. Fussy, MINNEAPOLIS CITY ATTORNEY'S OFFICE, for defendant City of Minneapolis.

Judith A. Hanson and Portia M. Hampton-Flowers, ST. PAUL CITY ATTORNEY, for defendant City of St. Paul.

Relators Andrew and Harriet Ellis allege that the cities of Minneapolis and St. Paul engaged in a scheme to defraud the U.S. Department of Housing and Urban Development ("HUD").  According to the Ellises, the defendant cities represented to HUD on numerous occasions between 2005 and 2011 that they were taking steps to affirmatively further fair housing, when (say the Ellises) those cities were failing to do so.  As a result of these false claims, the Ellises allege, Minneapolis and St. Paul received approximately $250 million in funding from HUD that they may not have been entitled to receive.  *See* Second Am. Compl. ¶¶ 18-19 [ECF No. 173].  The Ellises bring a *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, against Minneapolis and St. Paul in order to recover (on behalf of the United States government) any funds fraudulently received by those cities.  The

United States declined to intervene in this action. *See* ECF No. 15. Minneapolis and St. Paul have each moved to dismiss the claims against them.

This matter is before the Court on the July 24, 2014 Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung. *See* ECF No. 216. In that R&R, Judge Leung recommends that defendants' motions to dismiss be granted and that this case be dismissed. This matter is before the Court on the Ellises' objection to the R&R. *See* ECF No. 217. The Court has conducted a de novo review of the R&R. *Se* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the conclusion of the R&R and much of its reasoning. Accordingly, defendants' motions to dismiss are granted.

As an initial matter, the Court agrees with the Ellises that the effective date of the amendment to the FCA's public-disclosure bar is March 23, 2010, and not July 22, 2010 as stated in the R&R. *See* Pub. L. 111-148, 124 Stat. 119. Conduct occurring prior to March 23, 2010 is governed by the FCA's former public-disclosure bar, which provided that "[n]o court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing . . . unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A) (2005). Thus, if the facts underlying the Ellises' claims were disclosed prior to this litigation and relate to conduct committed by Minneapolis and St. Paul prior to March 23, 2010, the Court lacks jurisdiction over those claims (unless the Ellises were the original source of the information that was publicly disclosed).

The Court concurs with the R&R that the allegations raised by the Ellises relating to allegedly false statements made by Minneapolis and St. Paul prior to March 23, 2010 were

publicly disclosed in the complaints filed in *McRath v. City of St. Paul*, Case No. 10-CV-1965 (D. Minn. filed May 4, 2010), and *Smithrud v. City of Minneapolis*, Case No. 10-CV-4451 (D. Minn. filed Nov. 3, 2010). See R&R at 11-16. Both of those complaints were filed before the Ellises filed this lawsuit on February 18, 2011. ECF No. 1. The Court also concurs with the R&R that the Ellises have not shown that they were the original sources for the allegations in the *McRath* and *Smithrud* complaints. *Id*. at 16-18. The Court therefore adopts the R&R's conclusion that it lacks jurisdiction over the claims brought by the Ellises relating to certifications or other statements made by Minneapolis or St. Paul prior to March 23, 2010.[1] Accordingly, those aspects of the Ellises' claims are dismissed without prejudice for lack of jurisdiction.

A handful of allegedly fraudulent statements were, however, made after March 23, 2010. *See* Second Am. Compl. ¶¶ 28, 30, 141, & 143. Under the current version of the FCA's public-disclosure bar, the Court does have jurisdiction over the aspects of the Ellises' claims relating to those later statements. *See* 31 U.S.C. § 3730(e)(4)(A). That said, as explained at length in the R&R, the second amended complaint fails to allege with particularity how *any* of those

---

[1] The Ellises argue in their objection that the previous public-disclosure bar should not apply to allegedly fraudulent statements made by Minneapolis and St. Paul prior to March 23, 2010, because the *McRath* and *Smithrud* complaints that publicly disclosed the facts relating to those statements were filed *after* March 23, 2010 (and thus after the amendment of the FCA). *See* Obj. at 3-4. That is not the law, however. "'The legal effect of conduct should ordinarily be assessed under the law that existed *when the conduct took place* . . . .'" *United States ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 915 (4th Cir. 2013) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994)). It is the date of the allegedly fraudulent *conduct*, not the date of the *public disclosure* of that conduct, that determines which version of the FCA applies. *Id.*

The Court notes that, even if it were incorrect in this analysis, the result would be that the *entire* complaint would be dismissed with prejudice for failure to comply with Fed. R. Civ. P. 9(b).

statements were false or fraudulent. *See* R&R at 19-25; Fed. R. Civ. P. 9(b). To cite just one example: The Ellises allege that St. Paul "applies hair-trigger condemnations, nuisance designations and demolitions on low-income rental properties, even though such properties are affordable, safe, decent and sanitary and occupied predominately by 'protected class' members." Second Am. Compl. ¶ 105. But the Ellises do not describe a single specific instance in which St. Paul conducted a "hair-trigger condemnation[]" or demolition of a low-income rental property. Instead, the Ellises have substituted prolixity for particularity, hoping that a long string of broad, inchoate allegations will suffice to satisfy Rule 9(b). They do not. *See Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir. 1972) ("Mere general allegations that there was fraud . . . are not enough no matter how frequently repeated." (quotation omitted)). Accordingly, the remaining aspects of the Ellises' claims — i.e., those aspects of the claims relating to allegedly fraudulent statements made after March 23, 2010 — are also dismissed.

Finally, the Ellises seek leave to amend their complaint so that they can remedy any deficiencies that might be identified by the Court. The Court denies this request for two reasons:

First, the Ellises have not sought leave to amend their complaint in accordance with D. Minn. L.R. 15.1, even though the Court has repeatedly instructed them about the requirements of that rule. *See U.S. ex rel. Ellis v. City of Minneapolis*, Case No. 11-CV-0416 (PJS/TNL), 2013 WL 5406625, at *2 n.1 (D. Minn. Sept. 25, 2013). The Ellises have not filed a motion seeking leave to file a third amended complaint. *See* D. Minn. L.R. 15.1(b). Moreover, the Ellises have not provided "a copy of the proposed amended pleading," *id.*, nor even described the specific information that they seek to include in a third amended complaint. These violations alone provide a sufficient basis for denying the Ellises' request. *See O'Neil v. Simplicity, Inc.*, 574

F.3d 501, 505 (8th Cir. 2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules.").

Second, this case has now been pending for three-and-one-half years, and yet it is still at the motion-to-dismiss stage. The delays are almost entirely attributable to relators' numerous egregious violations of the Federal Rules of Civil Procedure and the local rules of this District. The Court has already given the Ellises multiple opportunities to file a complaint that complies with the rules and that adequately pleads their claims against defendants. *See* ECF Nos. 1, 127, & 173. After being given a *third* opportunity to file an adequate complaint, the Ellises were put on notice by the Court that "the [second] amended complaint . . . must comply with [all] procedural rules" and that failure to comply "will result in dismissal of this case." ECF No. 172 at 7; *see also* ECF No. 125 at 5 (warning that "if [the Ellises'] amended complaint fails to meet any . . . requirement of the federal or local rules, that amended complaint will be dismissed with prejudice."). The Court also notes that the specific question of whether the claims against Minneapolis and St. Paul satisfied the particularity requirement of Rule 9(b) was raised by defendants *before* the Ellises filed their second amended complaint. *See, e.g.*, ECF No. 96 at 9. Thus, the Ellises cannot plausibly argue that they were caught unawares by defendants' argument that the claims pleaded against them in the second amended complaint are not sufficiently detailed.

In short: The FCA's former public-disclosure bar divests this Court of jurisdiction over most aspects of the claims brought in the second amended complaint. For those allegedly fraudulent statements over which this Court has jurisdiction, the Ellises have had three opportunities and 42 months to allege with particularity facts showing that the statements were

false or fraudulent, but they have failed to do so.  Accordingly, the Court dismisses with prejudice those aspects of the complaint over which it has jurisdiction, and it dismisses without prejudice the remainder of the complaint.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the July 24, 2014 R&R [ECF No. 216] is ADOPTED IN PART and the objection of relators Andrew and Harriet Ellis [ECF No. 217] is OVERRULED.  Accordingly, IT IS HEREBY ORDERED THAT:

1. The motion to dismiss of defendant City of St. Paul [ECF No. 174] is GRANTED.

2. The motion to dismiss of defendant City of Minneapolis [ECF No. 182] is GRANTED.

3. The Ellises' second amended complaint [ECF No. 173] is DISMISSED IN PART WITH PREJUDICE and DISMISSED IN PART WITHOUT PREJUDICE FOR LACK OF JURISDICTION, as explained more fully in the body of this order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August  12 , 2014                              s/Patrick J. Schiltz
                                                      Patrick J. Schiltz
                                                      United States District Judge